FILED
United States Court of Appeals
Tenth Circuit

December 9, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KAINE K. KIENTZ,

Defendant-Appellant.

No. 08-3226
(D.C. No. 6:08-CR-10005-WEB-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **LUCERO**, and **MURPHY**, Circuit Judges.

Defendant Kaine K. Kientz pleaded guilty to possession of child pornography that was transported in interstate commerce, in violation of 18 U.S.C. § 2252(a)(4)(B). In his plea agreement, defendant agreed to waive his right to appeal. Nonetheless, defendant has filed a notice of appeal. The government has now moved to enforce defendant's appeal waiver under *United*

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).  We grant

the motion and dismiss the appeal.

Defendant stated in his plea agreement that he:

> knowingly and voluntarily waives any right to appeal or collaterally
> attack any matter in connection with this prosecution, the defendant's
> conviction, or the components of the sentence to be imposed
> herein. . . .  By entering into this agreement, the defendant knowingly
> waives any right to appeal a sentence imposed which is within the
> guideline range determined appropriate by the court. . . .  In other
> words, the defendant waives the right to appeal the sentence imposed
> in this case except to the extent, if any, the court departs upward
> from the applicable sentencing guideline range determined by the
> court.

Mot. to Enforce, Attach. 1 (Plea Agreement) at 5.  The district court imposed a

sentence of 120 months of incarceration, which was at the maximum statutory

penalty of ten years and well below the advisory guideline range of 324 to 405

months of incarceration determined by the court.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the

scope of the waiver of appellate rights; (2) whether the defendant knowingly and

voluntarily waived his appellate rights; and (3) whether enforcing the waiver

would result in a miscarriage of justice."  359 F.3d at 1325.  The

miscarriage-of-justice prong requires the defendant to show (a) "the district court

relied on an impermissible factor such as race"; (b) "ineffective assistance of

counsel in connection with the negotiation of the waiver renders the waiver

invalid"; (c) his "sentence exceeds the statutory maximum"; or (d) his appeal

"waiver is otherwise unlawful" and the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1327 (quotations omitted). The government's motion addresses these considerations, explaining why none undermines defendant's appeal waiver here.

Defendant asserts that the issue he seeks to raise on appeal – an allegation that the district court misapplied the sentencing guidelines – does not fall within the scope of his waiver. He further contends that the waiver is "otherwise unlawful" under *Hahn's* miscarriage-of-justice prong because he should be able to appeal the district court's misapplication of the guidelines.

Defendant's arguments are without merit. The issue that he seeks to appeal falls squarely within the plain language of the appeal waiver, which specifically includes a waiver of the right to appeal any matter in connection with his sentence, including the components of the sentence, with the single exception being if the court departs upward from the applicable sentencing guideline that the court itself determines to apply. The sentence imposed was well below the sentencing guideline range and at the statutory maximum. Thus, defendant's appeal falls within the scope of the appeal waiver.

The miscarriage-of-justice exception defendant invokes looks to whether "*the waiver* is otherwise unlawful," *id.* at 1327 (quotation omitted and emphasis added), not whether some other aspect of the proceeding may have involved legal error. Defendant's argument that his appeal waiver should be excused due to

alleged misapplication of the sentencing guidelines does not support the miscarriage-of-justice exception because his claim only concerns the correctness of his sentence; he has not asserted any claim regarding the relevant issue of whether the appeal waiver itself was unlawful. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) ("The relevant question . . . is not whether [defendant's] sentence is unlawful . . . , but whether . . . his appeal waiver itself [is] unenforceable."). His argument entails what *Hahn* noted as "the logical failing[] of focusing on the result of a proceeding, rather than on the right relinquished, in analyzing whether an appeal waiver is [valid]." *Hahn*, 359 F.3d at 1326 n.12. To hold that alleged errors under the sentencing guidelines render an appeal waiver unlawful would nullify the waiver based upon the very sort of claim it was intended to waive. In short, defendant has not shown that enforcement of the waiver would seriously affect the fairness, integrity, or public reputation of the judicial proceedings.

Accordingly, the government's motion to enforce the waiver is GRANTED and the appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM

-4-